IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WRIGHT,

        Petitioner,                No. CIV S-10-2173 JAM KJN (TEMP) P

    vs.

KATHLEEN DICKINSON,

        Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding without counsel, with an application for writ of habeas corpus under 28 U.S.C. § 2254. He challenges the result of a 2008 prison disciplinary proceeding where it was found that petitioner possessed a cellular phone. Petitioner is serving a sentence of life in prison with the possibility of parole and has served enough time in prison where he is now eligible for parole.

        Respondent has filed a motion to dismiss. Respondent asserts that a finding by this court that the result of the 2008 prison disciplinary proceedings is unconstitutional would not entitle petitioner to release or a reduction in the length of his sentence. Because the only relief that can be granted in a habeas action is release from custody or a reduction in the length of confinement, respondent asserts that this court does not have jurisdiction over petitioner's claims.

Petitioner counters that a reversal of the 2008 disciplinary findings would accelerate his prospects for parole. For the reasons set forth herein, the undersigned recommends that respondent's motion to dismiss be granted

In a habeas corpus action, the only relief the court may grant is release from custody, or a decrease in the duration of the length of incarceration. See 28 U.S.C. § 2254(a) (federal courts can only entertain petition for writ of habeas corpus from person in state custody on the ground that he or she is in custody in violation of federal law); Hill v. McDonough, 547 U.S. 573, 579 (2006) ("Challenges to the validity of confinement or to particulars affecting its duration are the province of habeas corpus."). The claims in petitioner's habeas petition do not present a basis for the court ordering petitioner released. As for the duration of petitioner's sentence, a finding that petitioner's federal rights were violated during the 2008 disciplinary proceedings will not result in a specific amount of time being subtracted from petitioner's sentence. However, such a finding *may* increase the possibility that petitioner will be paroled at his next hearing because the Board of Parole Hearings considers "all relevant" information in determining whether a prisoner is suitable for parole. Cal. Code Regs. tit 15, § 2402(b). What is impossible to say is whether the possibility will improve in any appreciable respect because there is very little information available in the record before the court as to whether, objectively speaking, petitioner would pose a current threat to public safety if released on parole; the ultimate question to be answered at any parole suitability proceeding. In re Lawrence, 44 Cal.4th 1181, 1212 (2008).

Under Article III, § 2 of the Constitution, all cases in this court must present a case or controversy:

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . The parties must continue to have a personal stake in the outcome of the lawsuit. [Quotations and citations omitted.] This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. [Quotations and citations omitted.]

Spencer v. Kemna, 523 U.S. 1, 7 (1998). In Spencer, the Supreme Court found that a habeas petitioner's challenge to a parole revocation did not satisfy the case or controversy requirement simply because the parole revocation could be used against petitioner at some future parole hearing. The court acknowledged that the parole revocation could in fact be used against petitioner at a subsequent parole proceeding but the parole revocation "is simply one factor among many, that may be considered by the parole authority" rendering the fact that petitioner would be denied parole based upon the revocation as a "possibility rather than a certainty or even a probability." Id. at 14.

At best, petitioner herein has argued that it is mere possibility that he will be denied parole at his next parole proceeding because of the 2008 prior disciplinary findings. In light of Spencer, this court does not have standing to hear petitioner's challenge to the result of the 2008 disciplinary proceedings.

Citing the Ninth Circuit's opinion in Docken v. Chase, 393 F.3d. 1024, 1031 (9th Cir. 2004), for support, petitioner argues that the court has jurisdiction to hear petitioner's claims as long as success in this action could affect the duration of petitioner's confinement. Because Spencer is directly on point, the court need not distinguish Docken. Furthermore, the standard for standing in a habeas action suggested by petitioner is not consistent with the language of 28 U.S.C. § 2254(a) which expressly limits this court's consideration of habeas claims by state prisoners to those where custody is directly challenged.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 10, 2010 motion to dismiss be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files

objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wrig2173.57