IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WRIGHT,

      Petitioner,                        No. CIV S-10-2173 JAM KJN (TEMP) P

     vs.

KATHLEEN DICKINSON,

      Respondent.                  ORDER

_____/

        Petitioner is a California prisoner proceeding without counsel (or "pro se"), with an application for writ of habeas corpus under 28 U.S.C. § 2254. He challenges the result of 2008 prison disciplinary proceedings where it was found that petitioner possessed a cellular phone. Petitioner is serving a sentence of life in prison with the possibility of parole and has served enough time in prison where he is now eligible for parole.

        Respondent has filed a motion to dismiss. Respondent asserts that a finding by this court that the result of the 2008 prison disciplinary proceedings is unconstitutional would not entitle petitioner to release or a reduction in the length of his sentence. Therefore, according to respondent, the court does not have jurisdiction to hear petitioner's challenge. Petitioner counters that a reversal of the 2008 disciplinary findings would accelerate his prospects for parole and, therefore, the court does have jurisdiction.

1    This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is the appropriate remedy for state prisoners challenging the fact of, or length of, their confinement. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). The Ninth Circuit Court of Appeals has found that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

Pursuant to California Code of Regulations § 2402(a), the California Board of Parole Hearings ("BPH") is required to determine petitioner's suitability for parole by considering: his "involvement in other criminal misconduct which is reliably documented;" his "behavior before, during, and after the crime;" and whether he "has engaged in serious misconduct in prison or jail." Cal. Code Regs. tit. 15, § 2402(b) & (c)(6). Institutional behavior is given additional consideration because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id. at § 2402(d)(9). Therefore, the BPH is required to consider petitioner's prison disciplinary record in determining his suitability for parole.

Respondent argues habeas jurisdiction is lacking because petitioner's challenge will not necessarily shorten petitioner's sentence, citing Preiser and Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).[1] The court disagrees to the extent that petitioner's challenge relies on

---

[1] In Ramirez, a California state prisoner brought a civil rights action under 42 U.S.C. § 1983 seeking damages, declaratory relief and injunctive relief. Id. at 853. The prisoner's complaint alleged that the procedures of his prison disciplinary hearing and the term of his administrative segregation violated his Constitutional rights. Id. at 852. The district court dismissed both claims. Id. The Ninth Circuit reversed, holding that an inmate can "challenge the

the language from Bostic that the court has jurisdiction so long as expungement of the disciplinary findings at issue are likely to accelerate petitioner's eligibility for parole. The court also notes that several other courts have disagreed with respondent's position. See, e.g., Johnson v. Swarthout, S-10-1568 KJM DAD, 2011 WL 1585859 at *2-3 (E.D. Cal. Apr. 22, 2011) (findings and recommendations recommending that habeas jurisdiction exists for a challenge to a disciplinary decision, but no decision yet from the district judge); Hardney v. Carey, S-06-0300 LKK EFB, 2011 WL 1302147 at *5-8 (E.D. Cal. Mar. 31, 2011) (findings and recommendations adopted by district court judge on June 6, 2011 recommending that habeas jurisdiction exists for a challenge to a disciplinary decision); Foster v. Washington-Adduci, 2010 WL 1734916 at *4 (C.D. Cal. Mar. 24, 2011) (respondent's reliance on dictum from Ramirez was not persuasive in case brought under § 2241 in the federal prison context); Murphy v. Dep't of Corrs. & Rehabilitation, 2008 WL 111226 at *7 (N.D. Cal. Jan. 9, 2008) (habeas corpus jurisdiction is proper to challenge a disciplinary guilty finding because "[a]s a matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement"); Drake v. Felker, S-07-0577 JKS, 2007 WL 4404432 at *2 (E.D. Cal. Dec. 13, 2007) (habeas corpus jurisdiction found to exist over a challenge to a disciplinary decision because "a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole").

The undersigned also notes that some district courts have held the opposite. See, e.g. Rhodes v. Evans, S-09-1842 JAM EFB, Docket Nos. 18, 20 (E.D. Cal. Apr. 4, 2011) (district judge held that challenge to disciplinary decision was not cognizable on habeas review, rejecting magistrates judge's recommendation); Legare v. Ochoa, S-10-2379 AWI, 2011 WL 795811 at *1

---

conditions of his confinement under § 1983 [where] his claim, if successful, would not necessarily invalidate a disciplinary action that affects the fact or length of his confinement." Id. In dicta, the court in Ramirez suggested that its holding "also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment." Id. at 858. The Ninth Circuit suggested that "habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Id. at 859. See also Richardson v. Yates, 2011 WL 2148704 (9th Cir. June 1, 2011 (unpublished)) (same).

3

1  (E.D. Cal. Mar. 1, 2011) (findings and recommendations recommending that habeas jurisdiction
2  does not exist for a challenge to a disciplinary decision, but no decision yet from the district
3  judge); Norman v. Salazar, 2010 WL 2197541 at *2 (C.D. Cal. Jan. 26, 2010) ("the mere
4  possibility that the 2006 disciplinary conviction could be detrimental to Petitioner in future
5  parole hearings is too speculative to serve as the basis for a habeas corpus petition"); Santibanez
6  v. Marshall, 2009 WL 1873044 at *7 (C.D. Cal. June 30, 2009) (claim seeking expungement of
7  disciplinary conviction not cognizable on habeas review because it would have only speculative
8  impact on the petitioner's consideration for parole in the future).

9         The claims in petitioner's habeas petition do not present a basis for the court
10 ordering petitioner released.  As for the duration of petitioner's sentence, a finding that
11 petitioner's federal rights were violated during the 2008 disciplinary proceedings will not result
12 in a specific amount of time being subtracted from petitioner's sentence.  Such a finding may
13 increase the possibility that petitioner will be paroled at his next hearing since the BPH considers
14 "all relevant" information in determining whether a prisoner is suitable for parole.  Cal. Code
15 Regs. tit 15, § 2402(b).  What is impossible to say is whether the possibility will improve in any
16 appreciable respect because there is very little information available in the record before the court
17 as to whether, objectively speaking, petitioner would pose a current threat to public safety if
18 released on parole; the ultimate question to be answered at any parole suitability proceeding.  In
19 re Lawrence, 44 Cal.4th 1181, 1212 (2008).

20        In light of the foregoing, the court finds that the record before the court is not
21 sufficient to establish that the court has jurisdiction over petitioner's claims because it is not clear
22 what effect, if any, the expungement of the 2008 disciplinary proceeding findings at issue would
23 have on petitioner's ability to obtain parole.  Because it is at least possible that petitioner can
24 make a sufficient showing to establish jurisdiction, respondent's motion to dismiss will be
25 granted without prejudice to petitioner filing an amended habeas petition.  In the amended
26 petition, petitioner must plead sufficient facts to show that the court has jurisdiction to hear his

challenge to the 2008 disciplinary proceedings.  More specifically, he must show that expungement is likely to accelerate a finding that petitioner is suitable for parole.  See Bostic, 884 F.2d at 1269.  In this regard, if applicable, petitioner should allege the date or dates of parole suitability hearings at which the 2008 disciplinary conviction was considered and should allege any comments made by the Board panel at those hearings suggesting the impact of the disciplinary conviction on the suitability determination, along with any other supporting information or documentation.

Finally, the court informs petitioner as follows with respect to challenges to prison disciplinary proceedings.  Petitioner's rights arising under federal law concerning prison disciplinary proceedings are, generally speaking, limited to:

1. Advance written notice of the charges;

2. An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in their defense;

3. A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4. That the findings of the prison disciplinary board be supported by some evidence in the record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  If petitioner does not plead facts suggesting that, during the 2008 disciplinary proceedings, he was deprived of one of the due process protections listed, he will not be able to proceed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's December 10, 2010 motion to dismiss is granted without prejudice to petitioner filing an amended petition for writ of habeas within thirty days.

2. Petitioner's amended petition must be filed on the form provided by the Clerk of the Court and must comply with all of the terms of this order.

3. The Clerk of the Court is directed to send petitioner the court's form-application for writ of habeas corpus by state prisoners.

Case 2:10-cv-02173-JAM-CKD   Document 22   Filed 06/10/11   Page 6 of 6

4. Respondent need take no action until further notice.

5. Petitioner's failure to file an amended petition for writ of habeas corpus within thirty days will result in a recommendation that this action be dismissed.

DATED: June 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wrig2173.57(2)